Filed 7/8/21  Vosburg v. Harrison CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| STEVEN VOSBURG, | |
| Plaintiff and Appellant, | E074705 |
| v. | (Super.Ct.No. CIVDS1911175) |
| WAYNE HARRISON, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  Wilfred J. Schneider, Jr., Judge.  Affirmed.

The Traut Firm, James R. Traut and Taylor Traut for Plaintiff and Appellant.

Macdonald & Cody, Scott L. Macdonald, Douglas M. Carasso; Carbone, Smoke, Smith, Bent & Leonard and Julie Kimiye Koyama for Defendant and Respondent.

1

# I. INTRODUCTION

Plaintiff and appellant, Steven Vosburg, and defendant and respondent, Wayne Harrison, were involved in a motor vehicle accident on August 21, 2017, in the State of Idaho. On April 11, 2019, plaintiff filed a civil complaint against defendant for personal injuries sustained in that accident in the Superior Court of San Bernardino County. On January 15, 2020, the trial court granted a motion by defendant to quash service of summons for lack of personal jurisdiction, and plaintiff appeals from this order. On appeal, plaintiff's sole argument is the trial court erred because the evidence before the trial court established the trial court's general jurisdiction over defendant. We conclude the trial court's findings are supported by substantial evidence, and we affirm the order.

# II. FACTS AND PROCEDURAL HISTORY

A. *Pleadings*

On April 11, 2019, plaintiff filed a civil complaint for personal injuries in the Superior Court of San Bernardino County against defendant. The complaint alleged a single cause of action for negligence, arising out of a motor vehicle accident that occurred on August 21, 2017, in the Idaho. On August 6, 2019, plaintiff filed a proof of service of summons indicating that on July 23, 2019, defendant had been served by certified mail, return receipt requested, at an address outside of California.

B. *Defendant's Motion to Quash*

On August 29, 2019, defendant filed a motion to quash service of summons for lack of personal jurisdiction.

1. Defendant's Declaration

In support of his motion, defendant submitted a declaration in which he confirmed he had been involved in a motor vehicle accident in Idaho on August 21, 2017. Defendant declared that, at the time of the accident, he owned two residences—one in California and one in Arizona—and the vehicle he was driving at the time of the accident was registered in Arizona. Defendant further declared he had been retired since 2012, was not acting as an agent or employee of any California resident or corporation at the time of the accident; did not operate any businesses in California; did not hold any licenses or certificates issued by any California governmental entity; and did not maintain any associations with California that requires his physical presence in the state. Since the accident, defendant had purchased a new residence in Utah, was residing at that residence, had no intention of returning to reside in California, and was in the process of selling his California residence. His only visits to California since moving to Utah were to visit family and friends.

2. Idaho Collision Report

In opposition to the motion to quash, plaintiff presented a copy of an Idaho vehicle collision report for the 2017 accident. The report listed an address in Yucaipa, California, as defendant's address. However, it also noted that defendant held an Arizona driver's license and was driving a vehicle registered in Arizona.

3

3.  Defendant's Responses to Interrogatories[1]

Plaintiff also submitted excerpts from defendant's responses to special interrogatories.  According to defendant's interrogatory responses, he was born in California and had a residence in California until 2019.  When asked to identify his primary residence at the time of the 2017 accident, defendant identified both his California and Arizona residences.  When asked to identify the residence where he spent "most of his time" at the time of the accident, defendant again identified both his California and Arizona residences.  He estimated that he spent half the year (26 weeks) in California in 2017 and 2018, but he spent only four weeks in California in 2019.  While he owned a vehicle registered in California in 2017, by the time the complaint was filed in 2019, he no longer owned any vehicles registered in California.  Defendant did not hold a California driver's license at any time relevant to the litigation and had never been registered to vote in California during that time period, instead stating he had been registered to vote in Arizona until recently registering in Utah.

Defendant's interrogatory responses also disclosed that his mother and father had lived in Yucaipa, California, until sometime in 2018.  Defendant became the executor of their estate when they passed, and the residence in which his parents lived was sold in May 2019.

---

[1] Plaintiff presented only specified excerpts of defendant's interrogatory responses in opposition to the motion.  However, defendant submitted the entire response for context in reply.

In April 2019, defendant moved to a residence in Utah. Prior to this time, he had only gone to Utah periodically to visit his children. He listed his California residence for sale during his move to Utah and had not slept in his California residence since moving to Utah. Since moving to Utah, defendant had visited California on only four occasions, but stayed in a relative's home on each occasion. On two of those occasions, defendant was in California for only one day while en route to and from Hawaii.

Defendant was asked to identify real property in which he held an "ownership interest." At the time of the 2017 accident, defendant identified six properties in California and one in Arizona. At the time plaintiff's complaint was filed, defendant held an interest in four properties in California, one in Utah, and one in Arizona. At the time defendant was served with the summons, he held an interest in three properties in California, two in Utah, and one in Arizona.

At the time he responded to interrogatories, defendant had no future trips to California planned.

4. Declaration of Investigator

Finally, plaintiff submitted the declaration of a private investigator. The investigator declared that he contacted a current occupant of one of the residences in which defendant identified as having an ownership interest and he was told that it was a rental property, managed by a property management company, and owned by someone living out of state. When the investigator contacted the property management company, he was told that the company managed multiple properties for that owner and identified the owner's last name as that of defendant.

5

C. *Hearing and Ruling*

The trial court held a hearing in which plaintiff submitted on the written submissions without presenting any additional argument. In a written ruling, the trial court found that defendant had been domiciled in Arizona both at the time of the accident and at the time plaintiff's complaint was filed. The trial court further found that while defendant had "continuous, systematic, and substantial" contact with California at the time of the accident, defendant no longer had such contact at the time he was served with the summons and complaint. Based upon these findings, the trial court concluded that it did not have general jurisdiction over defendant. The trial court further concluded that since the litigation did not involve any of defendant's contacts with California, specific jurisdiction did not exist.

### III. DISCUSSION

On appeal, plaintiff does not challenge the trial court's conclusion with respect to specific jurisdiction but argues the trial court erred in concluding it lacked general jurisdiction over defendant. We disagree.

A. *General Legal Principles and Standard of Review*

"California's long-arm statute authorizes California courts to exercise jurisdiction on any basis not inconsistent with the Constitution of the United States or the Constitution of California. [Citation.] A state court's assertion of personal jurisdiction over a nonresident defendant who has not been served with process within the state comports with the requirements of the due process clause of the federal Constitution if the defendant has such minimum contacts with the state that the assertion of jurisdiction

6

does not violate ' "traditional notions of fair play and substantial justice." ' " (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444-445 (*Vons Companies*).)

"Personal jurisdiction may be either general or specific.  A nonresident defendant may be subject to the *general* jurisdiction of the forum if his or her contacts in the forum state are 'substantial . . . continuous and systematic.'  [Citations.]  . . .  [¶]  If the nonresident defendant does not have substantial and systematic contacts in the forum sufficient to establish general jurisdiction, he or she still may be subject to the *specific* jurisdiction of the forum, if the defendant has purposefully availed himself or herself of forum benefits [citation], and the 'controversy is related to or "arises out of" a defendant's contacts with the forum.' " (*Vons Companies*, *supra*, 14 Cal.4th at pp. 445-446.)

A defendant may assert the absence of personal jurisdiction by bringing a motion to quash service of summons.  (Code Civ. Proc., § 418.10.)  "When a California defendant moves to quash service for lack of personal jurisdiction, the burden is on the plaintiff to establish jurisdiction by a preponderance of the evidence." (*Roy v. Superior Court* (2005) 127 Cal.App.4th 337, 343 (*Roy*); see *CenterPoint Energy, Inc. v. Superior Court* (2007) 157 Cal.App.4th 1101, 1117 (*CenterPoint Energy*).)  " 'This may be done through presentation of declarations, with opposing declarations received in response. . . .'  If the plaintiffs are able to make a showing of minimum contacts with the forum state, 'the burden shifts to the defendant to present a *compelling* case demonstrating that the

exercise of jurisdiction by our courts would be unreasonable.' " (*CenterPoint Energy*, at p. 1118*.)

"The existence of personal jurisdiction will often present a mixed question of law and fact. [Citation.] To the extent that there are factual conflicts, the trial court resolves those disputes and the substantial evidence standard governs our review. [Citation.] The ultimate question whether jurisdiction is fair and reasonable under all of the circumstances, based on the facts which are undisputed and those resolved by the court in favor of the prevailing party, is a legal determination warranting our independent review." (*Integral Development Corp. v. Weissenbach* (2002) 99 Cal.App.4th 576, 585.)

B. *The Trial Court's Factual Findings Are Supported by Substantial Evidence*

Here, the trial court made a factual finding that defendant was never domiciled[2] in California at any time relevant to plaintiff's suit, concluding that defendant's domicile was in Arizona at the time of the accident and up until the time defendant moved to Utah. On appeal, plaintiff contends this factual finding was erroneous as a matter of law. We find no error in the record before us.

Initially, we disagree with plaintiff's contention that we may independently review the evidence to resolve this factual dispute. While it is true that the parties primarily relied upon the same evidence in making their arguments to the trial court, they strongly disagreed over the inferences to be drawn from that evidence. " 'Even in cases where the evidence is undisputed or uncontradicted, if two or more different inferences can reasonably be drawn from the evidence, this court is without power to substitute its own inferences or deductions for those of the trier of fact.' " (*Schwan v. Permann* (2018) 28 Cal.App.5th 678, 693-694.) Thus, it is not appropriate for this court to substitute its

---

[2] "Courts and legal writers usually distinguish 'domicile' and 'residence,' so that 'domicile' is the one location with which for legal purposes a person is considered to have the most settled and permanent connection, the place where he intends to remain and to which, whenever he is absent, he has the intention of returning, but which the law may also assign to him constructively; whereas 'residence' connotes any factual place of abode of some permanency, more than a mere temporary sojourn. 'Domicile' normally is the more comprehensive term, in that it includes both the *act* of residence and an *intention* to remain; a person may have only one domicile at any given time, but he may have more than one physical residence separate from his domicile, and at the same time." (*Smith v. Smith* (1955) 45 Cal.2d 235, 239.) The distinction between one's domicile and residence is widely recognized in a variety of legal contexts under California law. (See *Whittell v. Franchise Tax Bd.* (1964) 231 Cal.App.2d 278, 284 (*Whittell*); *People v. McCleod* (1997) 55 Cal.App.4th 1205, 1217.)

independent judgment for that of the trial court in resolving these disputes, and we review the finding for substantial evidence.

Additionally, we note that in the context of a motion to quash, plaintiff bore the burden of proof to establish jurisdiction by a preponderance of the evidence. (*Roy*, *supra*, 127 Cal.App.4th at p. 343.) " '[W]here the issue on appeal turns on a failure of proof at trial, the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law. [Citations.] Specifically, . . . whether the appellant's evidence was (1) "uncontradicted and unimpeached" and (2) "of such character and weight as to leave no room for a judicial determination that it was insufficient to support a finding." ' " (*Valero v. Board of Retirement of Tulare County Employees' Assn.* (2012) 205 Cal.App.4th 960, 966; see *Dreyer's Grand Ice Cream, Inc. v. County of Kern* (2013) 218 Cal.App.4th 828, 838.) Thus, on review, the trial court's factual finding that defendant was never domiciled in California during the time period relevant to this litigation will not be overturned unless the evidence in the record was of such character and weight as to leave no room for such a determination.

Here, the evidence clearly established that defendant maintained a residence in California at the time of the 2017 accident subject of this litigation, as well as at the time the complaint was filed. However, the evidence also showed that defendant maintained another residence in Arizona at all relevant times, that he spent at least half the year at his Arizona residence even while maintaining a residence in California, that he was registered to vote in Arizona and not California, and that he held a driver's license issued in Arizona and not California. Further, between the time of the accident and the service

10

of summons, defendant had significantly reduced his property holdings in California,[3] vacated his residence in California, and listed the California residence for sale—all while continuing to maintain ownership of his Arizona residence.

This was substantial evidence upon which the trial court could reasonably conclude that defendant's domicile was in Arizona until more recently moving to Utah. At the very least, it cannot be said that the evidence was of such character and weight as to compel a finding that defendant was domiciled in California at any time relevant to this litigation. Where the trial court's factual findings are supported by substantial evidence, a reviewing court will not disturb such findings on appeal.

C. *Absent Domicile*, *the Remaining Facts Do Not Support an Exercise of General Jurisdiction*

Plaintiff also argues that, regardless of the trial court's factual determination that defendant was never domiciled in California during the times relevant to this litigation, defendant's remaining contacts with the state are so numerous such that general jurisdiction may be properly found. We disagree.

"There is a dearth of case law on general jurisdiction over natural persons." (*Serafini v. Superior Court* (1998) 68 Cal.App.4th 70, 79 (*Serafini*).) Nevertheless, the United States Supreme Court has held that "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." (*Goodyear Dunlop*

_____

[3] According to defendant's interrogatory responses, he held an interest in six properties in 2017, an interest in only four properties by the time the complaint was filed in April 2019, and an interest in only three properties by the time he was served with the summons in July 2019.

*Tires Operations*, *S. A. v. Brown* (2011) 564 U.S. 915, 924 (*Goodyear Dunlop*); see *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court* (2021)___U.S.___,___[141 S.Ct. 1017, 1024].) Thus, where a defendant is not domiciled in the forum state, "[t]he 'standard for establishing general jurisdiction is "fairly high" [citation], *and requires that the defendant's contacts be of the sort that approximate physical presence*.' " (*Elkman v. National States Ins. Co.* (2009) 173 Cal.App.4th 1305, 1315; see *David L. v. Superior Court* (2018) 29 Cal.App.5th 359, 366 [For general jurisdiction, the defendant's contacts must be " 'so wide-ranging that they take the place of physical presence in the forum.' "].) The facts must be such that the nonresident defendant can be considered " ' "essentially at home in the forum State." ' " (*Haylard Health*, *Inc. v. Kimberly-Clark Corp.* (2019) 43 Cal.App.5th 1062, 1070; *Ford Motor Company*, supra, 141 S.Ct. at p. 1024.)

Here, the trial court's factual finding that defendant was never domiciled in California at any time relevant to this litigation strongly weighs against a finding of general jurisdiction. Further, defendant was not served with the summons until July 2019. By that time, defendant no longer had a vehicle registered in California, had vacated his California residence, and had listed his California residence for sale. Defendant reported spending only four weeks in California in 2019. Under such circumstances, defendant cannot be fairly characterized as "essentially at home" in California.

Plaintiff argues that defendant's continued ownership of rental properties in California, filing of California tax returns, service as executor to his parent's estate, and

12

continued presence of family in California all weigh in favor of finding general jurisdiction. However, as we explain, those remaining contacts cannot be fairly considered so wide ranging as to approximate or take the place of defendant's physical presence within the state.

First, merely holding an ownership interest in real property located in California has little weight in determining whether general jurisdiction is appropriate over a nonresident. "Ownership of property in California 'alone would not support the State's jurisdiction.' " (*Thomson v. Anderson* (2003) 113 Cal.App.4th 258, 271; see *Shaffer v. Heitner* (1977) 433 U.S. 186, 208-209 ["[W]here . . . the property which now serves as the basis for state-court jurisdiction is completely unrelated to the plaintiff's cause of action . . . the presence of the property alone would not support the State's jurisdiction."].) While ownership of property within the state would clearly subject a nonresident to specific jurisdiction with respect to controversies involving such property, mere ownership of real property for a purpose other than residence is not an act that can be characterized as akin to the physical presence of defendant in the state.

Additionally, the fact the real property at issue in this case is used to generate income does not support the assertion of general jurisdiction. Both the United States and the California Supreme Courts have held that a nonresident's act of conducting business within a state does not support an assertion of general jurisdiction. (*Goodyear Dunlop*, *supra*, 564 U.S. at pp. 927-928 [Conducting business within a state "may bolster an affiliation germane to *specific* jurisdiction. . . . But ties serving to bolster the exercise of specific jurisdiction do not warrant a determination that, based on those ties, the forum

13

has *general* jurisdiction over a defendant."]; *Cornelison v. Chaney* (1976) 16 Cal.3d 143, 149 [defendant who engaged in business activity in California—which included periodic trips into the state to deliver and obtain goods, an ongoing relationship with an in-state entity, and a state license—was not sufficient to establish general jurisdiction].)

Second, the fact that defendant filed California tax returns has almost no relevance. "While a person can have in law only one domicile [citation], he may have . . . more than one 'residence' for tax purposes." (*Whittell*, *supra*, 231 Cal.App.2d at p. 284.) Notably, even persons who have no physical presence in California and who are considered nonresidents can be required to file a California tax return. (*Valentino v. Franchise Tax Bd.* (2001) 87 Cal.App.4th 1284, 1290; see Rev. & Tax. Code, § 17041, subd. (b).) Thus, evidence that defendant filed a "California tax return" without any additional indication of the type of tax return filed or the reasons necessitating these filings has little, if any, bearing on a determination of whether defendant's contacts with the state approximate physical presence.

Third, the fact that defendant served or serves as the executor of his parents' estate has almost no relevance to determining general jurisdiction. "The Probate Code makes specific allowance for a nonresident . . . to serve as executor of a will subject to probate in California . . . ." (*Estate of Condon* (1998) 65 Cal.App.4th 1138, 1143.) In fact, the Probate Code expressly recognizes that a resident of this state appointed as an executor may later move and become a nonresident. (Prob. Code, § 8570.) If serving as an executor is not the type of act that would even suggest residence within the state, such act would clearly have even less relevance for the purpose of determining whether the

14

defendant can be characterized as "physically present" or "essentially at home" in the state.

Finally, we are uncertain why plaintiff believes the presence of family members within the state is a fact relevant to the assertion of jurisdiction. " ' "[P]ersonal jurisdiction over any non-resident individual must be premised upon forum-related acts personally committed by the individual." ' " (*Crea v. Busby* (1996) 48 Cal.App.4th 509, 517.) The choice of defendant's relatives to live in California is not an act attributable to defendant. Thus, irrespective of the number of relatives defendant may have that choose to reside in California, this fact cannot be the basis of an assertion of personal jurisdiction over defendant.

Because the trial court made a factual finding that defendant was never domiciled in California at any relevant time period and substantial evidence supports the determination, the minimal contacts that defendant maintained at the time he was called upon to answer plaintiff's complaint do not support the assertion of general jurisdiction over defendant.

D. *General Jurisdiction Cannot be Premised Upon Contacts that No Longer Exist*

On appeal, plaintiff relies heavily on the fact that defendant was a "long-time California resident" and "native son" of California prior to service of summons in this action, pointing to the fact that defendant was born in California and had spent six decades in California before moving to Utah. However, traditional notions of fair play and substantial justice do not support reliance on past contacts to support a claim of general jurisdiction.

15

In *Serafini*, *supra*, 68 Cal.App.4th 70, the Court of Appeal considered the propriety of asserting general jurisdiction over a nonresident individual based upon his extensive past business contacts requiring physical presence in the state. (*Id.* at pp. 79-80.) The court noted that there appeared to be little case law addressing this specific issue in the context of natural persons but analogized to principles of general jurisdiction with respect to nonresident corporations. (*Ibid.*) It noted that even where a nonresident corporation at one time had substantial and continuous contacts sufficient to support general jurisdiction, "[w]hen the corporation ceases to do business in the state, there is no longer any general jurisdiction, i.e., jurisdiction as to causes of action independent of that business." (*Ibid.*) Based upon this reasoning, the Court of Appeal concluded that, where a natural person may have had sufficient substantial contact in the state at one point but ceased that activity prior to service of process in the action, general jurisdiction over that individual no longer existed and any exercise of jurisdiction must be premised upon specific jurisdiction related to the defendant's actual activity within the state. (*Ibid.*)

We agree with the reasoning in *Serafini*, *supra*, 68 Cal.App.4th 70. The principle behind an assertion of general jurisdiction is that a defendant's contacts with the forum state are so extensive that it is "consistent with traditional notions of fair play and substantial justice to subject the defendant to the jurisdiction of the forum even when the cause of action is unrelated to the defendant's contacts with the forum." (*Brue v. Al Shabaab* (2020) 54 Cal.App.5th 578, 589.) Thus, where a defendant has substantial current and ongoing contacts with the state that are so significant that the defendant can be fairly considered physically present in the state, it does not offend any notion of fair

play or substantial justice to expect that defendant to answer in the courts of that state. Because the defendant's contacts are so extensive as to approximate physical presence, it would be no different from demanding the defendant appear in the courts of the state in which he or she is domiciled.

However, this reasoning makes little sense when the substantial contacts upon which a plaintiff relies are no longer in existence at the time the defendant is called upon to answer in court. In our view, to premise an assertion of general jurisdiction based upon those past contacts would extend the notion of general jurisdiction too far. It is not uncommon for persons to spend significant portions of their lives in one state, only to permanently move to another state for a variety of reasons. It would be fundamentally unfair to assert that California can maintain general jurisdiction over such persons based primarily on their historical connections with the state. Thus, we find plaintiff's arguments on this point unpersuasive.

## IV.  DISPOSITION

The order is affirmed.  Respondent to recover his costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS                        
                                                          J.

We concur:

MILLER                        
           Acting P. J.

SLOUGH                        
                    J.