Filed 11/10/22  Earnix International Trading v. Zhang CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
### SECOND APPELLATE DISTRICT
### DIVISION FOUR

| | |
|---|---|
| EARNIX INTERNATIONAL TRADING, LTD., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> KEVIN ZHANG, <br><br> Defendant and Appellant. | B316331 <br> (Los Angeles County <br> Super. Ct. No. 20STCV14346) |

APPEAL from an order of the Superior Court of Los Angeles County, Malcom Mackey, Judge. Affirmed.

Law Office of Gene H. Shioda and James Alexander Kim for Defendant and Appellant.

Cabanday Law Group and Orlando F. Cabanday for Plaintiff and Respondent.

## INTRODUCTION

Plaintiff and Respondent Earnix International Trading Inc. (Earnix) invested in defendant and appellant Kevin Zhang's real estate project. Earnix later filed a complaint against Zhang for fraud, breach of fiduciary duty, and other related claims.[1] After the clerk entered default judgment, Zhang moved to vacate the judgment and quash service of the summons, claiming he was never personally served. The trial court denied Zhang's motion, his subsequent motion for reconsideration, and his motion to set aside/vacate default. Zhang timely appealed.[2] Because the trial court's order denying Zhang's motion to quash and vacate the default judgment was supported by substantial evidence, we affirm.

## BACKGROUND

Earnix filed a request for entry of default judgment on June 5, 2020, based on a June 4, 2020 proof of service in which an unregistered process server, Michael Patini, swore he personally served Zhang on April 29, 2020, and Zhang's failure to respond to the complaint. The request was rejected by the clerk on June 11, 2020 because the proof of service form used by Patini was not the correct form for proof of service of a summons and complaint.

---

1    While the complaint named other defendants as well, Zhang is the only appellant in this appeal.

2    Zhang appealed only from the entry of the default judgment, but we will liberally construe the notice of appeal to include an appeal from the subsequent order denying Zhang's motion to quash service of the summons and vacate entry of the default judgment.

Earnix filed a second request for entry of default judgment on June 16, 2020, based on a new proof of service form filed June 12, 2020. In the new proof of service form, Patini testified he served Zhang at 2:00 p.m. on April 29, 2020, by personal delivery at an address in Pomona, California. The clerk entered default judgment the same day.

Six months later, in December 2020, Zhang moved for an order vacating default and quashing service of the summons. In support of his motion, Zhang submitted his own declaration claiming he was not personally served. Instead, Zhang testified he was at a meeting in Palos Verdes until approximately 3:00 p.m. on the date of alleged service. Zhang also testified that the Pomona address where he was allegedly served was the former residence of his parents, but his parents had moved out of the home "when the home was listed for sale" before the claimed date of service. Additionally, Zhang submitted a declaration from Cong Du, a real estate agent who stated he represented the seller in the sale of the home. Du declared escrow closed on April 1 or 2, 2020. Moreover, Du stated he "gave the keys and remote to access the property to escrow for the buyer" on the closing date. Du indicated Zhang was neither the buyer nor the seller of the home. Du, however, did not testify he was present at the house on the date of the alleged service, nor that he was with Zhang on that date.

In March 2021, the trial court denied Zhang's motion, finding the second proof of service was facially valid and raised the presumption of valid service. Moreover, the trial court found the dispute was "a 'he said-she said' type of evidentiary situation." It reasoned the sale of the home did not prevent Zhang from being at the property on the date of purported service.

Later, in March 2021, Zhang filed a motion for reconsideration, again arguing he was not served. His motion included the grant deed for the home, reflecting a sale date before the claimed date of service. Additionally, in April 2021, Zhang filed a motion to set aside/vacate the default judgment pursuant to Code of Civil Procedure section 437.5. His motion included a new declaration from Seung Jun Kim. In this new declaration, Kim claimed he was with Zhang on the date of purported service from 9:00 a.m. to approximately 4:00 p.m. and Zhang was not served during that time. Moreover, Kim claimed Zhang could not have been in Pomona at 2:00 p.m. because they did not finish their meeting in Palos Verdes until sometime between 3:30 p.m. and 4:00 p.m.

In May 2021, after hearing argument from the parties, the trial court denied Zhang's motion to set aside/vacate default and his motion for reconsideration. With respect to Zhang's motion to set aside/vacate default, the trial court noted it was within its discretion to accept a process server declaration, or contradictory evidence, in deciding whether service of a summons and complaint was validly accomplished. Additionally, the trial court noted Zhang's motion for reconsideration was based on different grounds and added a new witness declaration that could have been included with the prior motion to quash service of summons. In sum, the trial court found Zhang failed to offer new or different facts, circumstances or law that he could not, with reasonable diligence, have discovered and presented in the prior motion to quash. Zhang timely appealed.

## DISCUSSION

"A defendant who seeks review of an order denying a motion to quash must ordinarily petition the appellate court for a

4

writ of mandate. (Code Civ. Proc., § 418.10, subd. (c).)" (*American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 387.) "However, 'a defendant may reserve his jurisdictional objection on appeal if, after the denial of his motion to quash, he makes no general appearance but suffers a default judgment,'" as happened here. (*Ibid.*, fn. omitted.)

"When a defendant challenges the court's personal jurisdiction on the ground of improper service of process 'the burden is on the plaintiff to prove the existence of jurisdiction by proving, inter alia, the facts requisite to an effective service.'" (*Summers v. McClanahan* (2006) 140 Cal.App.4th 403, 413; see Weil et al., Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2022) 4:421.5.)

We review the trial court's express or implied factual findings on a motion to quash service under the substantial evidence standard. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 449; *Sonora Diamond Corp. v. Superior Court* (2000) 83 Cal.App.4th 523, 535; *Serafini v. Superior Court* (1998) 68 Cal.App.4th 70, 77.) In doing so, we resolve all conflicts in the relevant evidence "against the appellant and in support of the order." (*Wolfe v. City of Alexandria* (1990) 217 Cal.App.3d 541, 546.) Thus, our inquiry here turns on whether the trial court's finding that Earnix met its burden to establish effective service was supported by substantial evidence.

"Substantial evidence is evidence 'of ponderable legal significance, . . . reasonable in nature, credible, and of solid value.'" (*Picerne Construction Corp. v. Castellino Villas* (2016) 244 Cal.App.4th 1201, 1208.) "'Substantial evidence . . . is not synonymous with "any" evidence.' Instead, it is ""substantial'

5

proof of the essentials which the law requires."''" (*Roddenberry v. Roddenberry* (1996) 44 Cal.App.4th 634, 651.) We will not reweigh the trial court's credibility determination on appeal. (See *Ramos v. Homeward Residential, Inc.,* (2014) 223 Cal.App.4th 1434, 1440-1441 (*Ramos*).)

As a threshold matter, we note Zhang's arguments concerning the June 4, 2020 proof of service have no bearing in this appeal, and therefore we will not address them other than to repeat that the clerk rejected that proof of service. The default judgment was entered based on the June 12, 2020 proof of service.

Zhang contends he presented evidence refuting proper service and thus he shifted the burden to Earnix to present evidence showing proper service. But Zhang has at most pointed to a conflict in the evidence: Patini's valid second proof of service indicates Zhang was served. Zhang's contention he was not served, however, was supported only by his own declaration. Du's declaration stated only that the house where Patini claims to have effectuated service had been sold before the claimed date of service. As the trial court pointed out, the sale of the home did not prevent Zhang from being at the residence.

Alternatively, Zhang argues there was no presumption of valid service as Patini was not a registered process server. The filing of a statutorily compliant proof of service may create a rebuttable presumption that service was proper. (Evid. Code, § 647; see *Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1441-1442.) The rebuttable presumption applies where the return is furnished by a registered process server. (Evid. Code, § 647.) Here, the proof of service indicates Patini was not a registered California process server. Thus, he was not entitled to

6

the presumption that service was proper. The fact that Patini was not a registered process server, however, does not itself render service invalid nor establish that his proof of service is not to be considered. "There is no requirement that the person serving notices or a summons must be a registered process server . . . . A summons may be served by any person who is at least 18 years of age and not a party to the action." (*City of Riverside v. Horspool* (2014) 223 Cal.App.4th 670, 680, citing Code Civ. Proc., § 414.10.)

Patini's second proof of service, executed under penalty of perjury, constituted substantial evidence of proper service of the summons and complaint. Moreover, nothing on the face of the proof of service suggests it is invalid or should not be credited. The trial court considered the evidence and impliedly made a credibility determination, crediting Patini over Zhang. As noted above, we will not reweigh the trial court's credibility determination on appeal. (See *Ramos, supra*, 223 Cal.App.4th at pp. 1440-1441.)

Finally, Zhang contends *Stafford v. Mach* (1988) 64 Cal.App.4th 1174 and *Floveyor Internat., Ltd. v. Superior Court* (1997) 59 Cal.App.4th 789, two cases relied upon by the trial court, support his motion because the cases hold a defendant can "challenge the requisite facts of proper service by rebutting the claim of proper service, shifting the burden of proof of valid service to plaintiff." As noted above, Zhang is correct that "plaintiff bears the burden of proof on the validity" of service. (*Id.* at p. 793.) Earnix, however, did make a prima facie showing of the validity of service as the second proof of service complied with applicable statutory requirements. (*Id.* at p. 795.)

"When evidence presented below is conflicting, an appellate court must presume that "'"'the [trial] court found every fact necessary to support its order that the evidence would justify. So far as it has passed on the weight of evidence or the credibility of witnesses, its implied findings are conclusive.'"'" (*Taylor-Rush v. Multitech Corp.* (1990) 217 Cal.App.3d 103, 110, quoting *Kulko v. Superior Court* (1977) 19 Cal.3d 514, 519, fn. 1, overruled on other grounds by *Kulko v. California Superior Court* (1978) 436 U.S. 84.) "'[W]here there is substantial conflict in the facts stated, a determination of the controverted facts by the trial court will not be disturbed'" on appeal." (*Stafford v. Mach, supra,* 64 Cal.App.4th at p. 1182.)

Zhang has failed to establish any basis for disturbing the trial court's determination that he was properly served with the summons and complaint.

## DISPOSITION

The judgment against Zhang is affirmed. The order denying Zhang' motion to quash service of summons is also affirmed. Earnix is awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, J.

We concur:

WILLHITE, Acting P.J.

COLLINS, J.

9