Filed 12/10/25  Health and Wellness Lifestyle Club v. Grove Point Investments CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| HEALTH AND WELLNESS LIFESTYLE CLUB, LLC,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>GROVE POINT INVESTMENTS, LLC, et al.,<br><br>    Defendants and Respondents. | G064375<br><br>(Super. Ct. No. 30-2023-01358654)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Layne H. Melzer, Judge. Affirmed. Motion to strike denied.

Nupur Nagar for Plaintiff and Appellant.

D'Amura & Zaidman and Richard A. D'Amura for Defendant and Respondent Grove Point Investments, LLC.

Lewis Brisbois Bisgaard & Smith, Jeffry A. Miller, Brittany B. Sutton, Joseph C. Campo and Daniel R. Velladao for Defendant and Respondent Carolyn Valentine.

Plaintiff Health and Wellness Lifestyle Club, LLC challenges the dismissal of its petition to vacate an arbitration award for defendants Grove Point Investments, LLC and Caroline Valentine. The court granted defendants' motion to quash service after concluding that plaintiff had failed to serve them by the statutory deadline. (Code Civ. Proc. § 1288.)[1] Plaintiff contends that (1) defendants waived service defects by making general appearances in another action, (2) service by e-mail to Valentine's former counsel was valid based on ostensible agency, and (3) equitable estoppel or tolling excuses any service failures.

We conclude the trial court properly granted the motion to quash. Defendants did not make general appearances, and any appearance in a separate action would not excuse service. Service by e-mail to Valentine's former counsel was unauthorized. And plaintiff's unreasonable conduct precluded application of equitable doctrines. Accordingly, we affirm.[2]

FACTS

Plaintiff sued Valentine in Ohio over a failed transaction for the purchase of golf courses.[3] A jury found for Valentine. Plaintiff then filed an arbitration claim against Valentine and Grove Point based on the same transaction. The arbitration took place in San Diego and the arbitration

---

[1] Undesignated statutory references are to this code.

[2] Because plaintiff did not appeal the trial court's denial of its motion under section 473, subdivision (b), we lack jurisdiction to review that ruling. (*Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1265–1266 [denial of § 473 motion separately appealable]; *Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 212, 239 [appeal from judgment does not encompass separately appealable order].)

[3] Valentine allegedly brokered the deal. Grove Point was Valentine's broker-dealer.

panel served its award in July 2023, finding for defendants based on res judicata.[4] It's undisputed that, unless tolled, the statutory deadline for plaintiff to file and serve a petition to vacate the award was November 3, 2023. (See § 1288.)

One day before the deadline, plaintiff filed nearly identical petitions to vacate the award in Orange County and Riverside County. The next day—November 3—plaintiff e-mailed Valentine's arbitration attorney a copy of the Orange County petition. For Grove Point, plaintiff attempted personal service at its Maryland business address—2440 Research Boulevard, Rockville (an office building)—at 4:26 p.m. that day. The process server found the building door locked and left the documents by the door.

Three days later, plaintiff allegedly sent a copy of the petition to Grove Point by certified mail. It provided no return receipt. Plaintiff also claimed it completed "substituted service" on Valentine at her Ohio address on November 9. But the proof of service listed a nonparty, "Cambridge Investments Research Inc."

Meanwhile, in Riverside, Grove Point moved to "strike hearing date and petition to vacate, quash service of process; and to dismiss petition with prejudice." (Cleaned up.) It stated it was making "a limited appearance" and asserted the petition should be dismissed because plaintiff had not properly served it and because the petition was duplicative of the one filed in Orange County. All parties appeared at a hearing on this motion and the court dismissed the petition without prejudice.

Back in Orange County, defendants moved to quash service. In opposition, plaintiff claimed (1) service of process on counsel was permissible

---

[4] The award included a dismissal with prejudice of a third-party claim against plaintiff's counsel, Nupur Nagar.

3

given the parties' litigation history, (2) defendants' general appearances in Riverside cured any defects in service, and (3) equitable estoppel and equitable tolling applied.

The trial court granted the motions. It concluded plaintiff had failed to properly serve its petition by the statutory deadline. And it rejected plaintiff's contentions based on general appearance and equitable doctrines. It found "a lack of good faith on the part of [plaintiff]." The court later confirmed the arbitration award.

## DISCUSSION

### I.

### PLAINTIFF DID NOT TIMELY SERVE DEFENDANTS

The trial court correctly concluded that plaintiff had failed to timely and properly serve defendants. To establish a trial court's personal jurisdiction over a defendant, the plaintiff must comply with statutory procedures for service of process. (*Ellard v. Conway* (2001) 94 Cal.App.4th 540, 544.) When a defendant challenges jurisdiction by bringing a motion to quash, the burden is on the plaintiff to prove effective service. (*Lebel v. Mai* (2012) 210 Cal.App.4th 1154, 1160.) On appeal from an order granting a motion to quash, we review the trial court's factual findings for substantial evidence. (*Serafini v. Superior Court* (1998) 68 Cal.App.4th 70, 77.) We review legal questions de novo. (*Rivera v. Shivers* (2020) 54 Cal.App.5th 82, 89.)

"A petition to vacate an [arbitration] award shall be served and filed not later than 100 days after the date of the service of a signed copy of the award on the petitioner." (§ 1288.) Absent a different instruction in the arbitration agreement, service within the state must be made like a service of summons (§ 1290.4, subd. (b)(1))—generally by personal service. (§ 415.10.)

4

Service outside the state must be made by registered or certified mail or by personal service. (§ 1290.4, subd. (b)(2).) If made by mail, the proof of service must include a signed return receipt. (*Ibid.*)

Plaintiff did not serve defendants by the deadline. On that day, instead of personally serving Valentine in California, it e-mailed her former counsel. And rather than serve Grove Point by certified mail in Maryland, it left the documents at the door of the building in which the company was located (at 4:26 p.m.). Plaintiff allegedly attempted to serve Grove Point by certified mail, three days late, but provided no return receipt. As the trial court correctly found, this was not proper service.

Plaintiff's contentions to the contrary are meritless. First, the trial court was not compelled to find that Valentine's arbitration counsel was an ostensible agent for purpose of serving a Superior Court petition.[5] (See *Janik v. Rudy, Exelrod & Zieff* (2004) 119 Cal.App.4th 930, 940 ["the extent of an attorney's duty to act necessarily depends on the scope of the attorney-client relationship"].) But even if he were deemed an ostensible agent, plaintiff points to no authority permitting it to serve him by e-mail. (See Weil et al., Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2025) ¶ 4:181 [discussing "four basic methods" of service, which do not include e-mail].)

Second, plaintiff's claim that its service failures were excused by respondents' general appearances in the Riverside action is baseless. A defendant's general appearance in an action "is equivalent to personal service" and cures any defects in service of process (§ 410.50, subd. (a)), but

---

[5] Section 416.90 permits service by delivering a copy of the summons to "a person authorized by [the person to be served] to receive service of process."

defendants did not make general appearances in Riverside. Grove Point filed a motion to quash service. Even if we deemed its motion "to strike" as separate and substantive, it wouldn't constitute a general appearance "unless the court denies the motion [to quash]." (§ 418.10(e)(1).) The Riverside court did not deny Grove Point's motion—it dismissed Plaintiff's petition. Valentine filed nothing and appeared only at the hearing on Grove Point's motion. Regardless, any appearance in Riverside did not excuse service in this action. (*Abers v. Rohrs* (2013) 217 Cal.App.4th 1199, 1207 [parties who filed petition to vacate as separate action could not rely on appearance in prior case].)

We disregard as forfeited several contentions Plaintiff makes for the first time in its reply brief.[6] (*High Sierra Rural Alliance v. County of Plumas* (2018) 29 Cal.App.5th 102, 111, fn. 2 ["New arguments may not be raised for the first time in an appellant's reply brief"].) We nevertheless address and reject one such contention: that plaintiff *substantially* complied with service requirements, and this was sufficient because defendants had actual notice of the action. Although a "technical defect" will not invalidate service if the defendant received actual notice of the action (*Pasadena Medi-Center Associates v. Superior Court* (1973) 9 Cal.3d 773, 778), actual notice alone "is not a substitute for proper service" (*American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 392). No California appellate court has upheld service of process based on actual notice when there has been a complete failure to comply with statutory requirements. (*Summers v. McClanahan* (2006) 140 Cal.App.4th 403, 414.) Here, Plaintiff completely disregarded statutory service requirements—its failures were not just technical defects. It did not properly serve defendants.

---

[6] We deny Grove Point's motion to strike portions of plaintiff's reply brief.

## II.

### EQUITABLE DOCTRINES DO NOT EXCUSE

### PLAINTIFF'S FAILURE TO TIMELY SERVE DEFENDANTS

Neither equitable estoppel nor equitable tolling excuses plaintiff's service failures. "The trial court's discretion to grant or deny equitable relief is broad, and we must indulge all inferences in favor of its decision." (*Abers v. Rohrs, supra*, 217 Cal.App.4th at p. 1208.) Contrary to plaintiff's suggestion, the trial court considered but rejected the application of those theories. Rightly so.

Plaintiff forfeited its estoppel claim by failing to support its factual assertions with record citations. (*Liberty National Enterprises, L.P. v. Chicago Title Ins. Co.* (2011) 194 Cal.App.4th 839, 846 [factual assertions without record citation will be disregarded].) Forfeiture aside, this contention would fail on the merits, as it simply regurgitates plaintiff's ostensible agency theory.

Plaintiff's tolling theory similarly fails. Equitable tolling requires (1) timely notice, (2) lack of prejudice to the defendant, and (3) reasonable and good faith conduct by the plaintiff. (*Saint Francis Memorial Hospital v. State Dept. of Public Health* (2020) 9 Cal.5th 710, 724.) Whether a plaintiff acted reasonably is assessed objectively, asking whether the actions were "fair, proper, and sensible in light of the circumstances," rather than what the plaintiff intended. (*Id.* at p. 729.)

Plaintiff's conduct here was neither proper nor sensible. It waited until the very last day to attempt any form of service. Then, it attempted to serve Valentine by e-mailing (an improper method) her former attorney (an improper person). For Grove Point, plaintiff attempted personal service at an office building at 4:26 p.m. on the deadline date, when nothing prevented it

from using certified mail. Accordingly, the trial court properly granted defendants' motion to quash service and dismissed the petition.[7]

DISPOSITION

The judgment is affirmed. Respondents are awarded costs on appeal.


SCOTT, J.

WE CONCUR:


MOORE, ACTING P. J.


GOODING, J.

---

[7] At oral argument, Ms. Nagar asserted for the first time that the trial court lacked subject matter jurisdiction because she was wrongly included in the arbitration. But the award merely dismissed a claim asserted against her, she was not a party to the trial court proceeding, and she is not a party to this appeal. We disregard her argument.